725 A.2d 729

## In the Interest of M.W.

## Appeal of Commonwealth of Pennsylvania.

Supreme Court of Pennsylvania.

Submitted Nov. 19, 1998.

Decided Feb. 25, 1999.

506

Bernard A. Yannetti, Jr., Gettysburg, Michael A. George, Pittsburgh, for the Com.

Barbara Jo Entwistle, Gettysburg, for M.W.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This case presents the issue of whether a juvenile court has authority to order restitution pursuant to a negotiated plea agreement in which a juvenile admitted to and was adjudicated delinquent for the offense of criminal trespass.

The juvenile, M.W., was a resident at Hoffman Homes for Youth (HHY) as a result of a mental health placement through Lehigh County. HHY is a residential juvenile treatment facility in Adams County, which provides, *inter alia*, mental health treatment services. On or about September 8, 1995, several juveniles escaped from HHY and, along with several adults, broke into a private residence near the facility, where they remained for several days.[1] At the time, the owner of the residence, Carrie Staten, was visiting her daughter in Baltimore. A few days later, M.W. escaped and joined the others who had broken into Ms. Staten's home. During their stay, the trespassers caused extensive damage to the residence, and, in particular, emptied Ms. Staten's closets and drawers, destroyed her clothing, punched holes in the walls, damaged her furniture, broke glassware, tore a telephone out of the wall, set fires on her carpets, and discharged a shotgun inside the house. They also amassed a considerable telephone bill through calls made to a "sex line." Ultimately, M.W. was arrested and a juvenile petition was filed, seeking an adjudication of delinquency on charges of burglary, criminal trespass,

---

1. It is unclear from the record how the adults became involved with the juveniles.

criminal mischief, recklessly endangering another person, harassment, and conspiracy.[2]

Prior to the delinquency hearing, M.W. entered into a negotiated plea agreement with the Commonwealth, in which he admitted to criminal trespass as a felony of the third degree pursuant to Section 3503(a)(1)(i) of the Crimes Code, which provides:

**Criminal trespass**

**(a) Buildings and occupied structures.—**

    (1)  A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

    (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof. . . .

18 Pa.C.S. § 3503(a)(1)(i). In exchange for the dismissal of the remaining offenses, M.W. agreed to make restitution.[3] Based upon M.W.'s admissions, which were corroborated by additional evidence at the hearing, the juvenile court adjudicated M.W. delinquent on the charge of criminal trespass. Because the court did not have sufficient information to establish the amount of restitution at the time of the adjudication, it scheduled a subsequent hearing for such purpose.

On September 15, 1995, M.W. appeared for a restitution hearing, and, pursuant to Section 6352(a)(5) of the Juvenile Act, 42 Pa.C.S. § 6352(a)(5), the juvenile court ordered restitution in the amount of $1,000. Although the actual damages were much higher, $29,764.34, the juvenile court considered $1,000 reasonable, stating that it was impossible to distinguish between damages caused by one trespasser and those caused by the others. In ordering the restitution, the juvenile court also considered parental liability, as well as M.W.'s anticipated ability to pay.

**2.** The reckless endangerment and harassment charges were related to the firing of the shotgun.

**3.** The terms of the plea agreement do not appear in the record; nevertheless, the parties have acknowledged in their briefs that the agreement provided for the payment of restitution.

In spite of his agreement to pay restitution, M.W. appealed the restitution order to the Superior Court, arguing that because the Commonwealth failed to either prove that he directly caused the victim's losses or was otherwise criminally responsible for such losses, the restitution order was improper. A divided panel of the Superior Court vacated the order of restitution, reasoning that the offense which M.W. admitted, criminal trespass, did not contain damage to tangible property as an essential element. Thus, the Superior Court concluded that the damage to the residence was not a direct result of M.W.'s delinquent conduct, and therefore restitution could not be ordered. The Superior Court also determined that, since M.W. was not the initial trespasser who set in motion the resulting damages, the damages could not be viewed as an indirect result of his delinquent act. Judge Del Sole dissented, stating his view that since M.W. voluntarily entered a plea to criminal trespass and agreed to restitution as part of a negotiated plea agreement, the restitution order was proper.

In its appeal to this Court, the Commonwealth advances two arguments. First, the Commonwealth contends that the order of restitution constitutes a discretionary aspect of sentencing, which would require the filing of a concise statement of reasons relied upon for allowance of appeal as part of the Superior Court brief, and as M.W. did not preserve this issue by including such a statement in his Superior Court brief, his appeal should have been quashed. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 512, 522 A.2d 17, 19 (1987). Alternatively, the Commonwealth argues that the order of restitution was proper because M.W. agreed to pay such restitution and the language of the Juvenile Act permits restitution for losses flowing directly or indirectly from a juvenile's delinquent act.

■ The Commonwealth's initial argument is premised upon Section 9781(b) of the Judicial Code, which provides that review of the discretionary aspects of a sentence may be granted at the discretion of the Superior Court. *See* 42 Pa.C.S. § 9781(b). To facilitate the exercise of this discretion, Rule 2119(f) of the Rules of Appellate Procedure requires an

510

appellant seeking review of the discretionary aspects of sentence to include in his brief a separate statement of the reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). From this statement, the Superior Court decides whether to review the discretionary portions of a sentence based upon a determination that a substantial question concerning the sentence exists. *See Tuladziecki,* 513 Pa. at 513, 522 A.2d at 19.

Assuming for the sake of argument that review of a dispositional order under the Juvenile Act is subject to the same limitations as review of a criminal sentence, the issue presented in this case centers upon the juvenile court's statutory authority to order restitution; thus, it implicates the legality of the dispositional order. *See generally Commonwealth v. Shotwell,* 717 A.2d 1039, 1045 (Pa.Super.1998) *appeal filed,* No. 867 M.D. Alloc. Dkt.1998 (Pa. Oct. 1, 1998); *Commonwealth v. Walker,* 446 Pa.Super. 43, 55, 666 A.2d 301, 307 (1995), *appeal denied,* 545 Pa. 652, 680 A.2d 1161 (1996). As M.W. was challenging the legality of the order, as opposed to the trial court's exercise of discretion in fashioning it he would not have been required to include a statement of the reasons relied upon for allowance of appeal in his Superior Court brief. *See generally Commonwealth v. Thier,* 444 Pa.Super. 78, 82, 663 A.2d 225, 227 (1995), *appeal denied,* 543 Pa. 703, 670 A.2d 643 (1996). Furthermore, this Court has jurisdiction to review issues relating to the lawfulness of a sentence, or, in this case, a dispositional order. *See generally Commonwealth v. Smith,* 543 Pa. 566, 570, 673 A.2d 893, 895 (1996) (reasoning that Section 9781(f) does not preclude review of legal principles); *In the Interest of M.M.,* 547 Pa. 237, 242, 690 A.2d 175, 177 (1997) (discussing the right to appeal in proceedings under the Juvenile Act generally).[4]

4. We recognize that there has been some confusion as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. *See In the Interest of Dublinski,* 695 A.2d 827, 828–29 (Pa.Super.1997)(collecting cases). Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the

■■■ Turning to the merits, an order of restitution must be based upon statutory authority. *See Commonwealth v. Harner,* 533 Pa. 14, 17, 617 A.2d 702, 704 (1992). In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation, 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. *See* 18 Pa.C.S.A. § 1106(a); *Harner,* 533 Pa. at 21, 617 A.2d at 704.[5] However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. *Harner,* 533 Pa. at 21–22, 617 A.2d at 706. As this Court stated in *Harner* :

> Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.

*Harner,* 533 Pa. at 22, 617 A.2d at 707; *see also Commonwealth v. Walton,* 483 Pa. 588, 599, 397 A.2d 1179, 1185 (1979).

restitution order is excessive, it involves a discretionary aspect of sentencing. *See generally Walker,* 446 Pa.Super. at 55, 666 A.2d at 307.

While the Superior Court has referred to the discretionary aspects and legality of sentence dichotomy in connection with review of proceedings under the Juvenile Act, see, e.g., *Dublinski,* 695 A.2d at 828–29, this Court has not had occasion to determine whether the statutory constraints regarding the discretionary aspects of sentencing apply to the review of dispositional orders in juvenile proceedings. This issue need not be resolved in this case, however, since, as noted, M.W.'s challenge implicated the legality of the dispositional order.

5.  In particular, Section 1106 of the Crimes Code, 18 Pa.C.S., provides:
    **Restitution for injuries to person or property**
    **(a) General rule.—** Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.
    18 Pa.C.S. § 1106(a).

Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation. *See Harner,* 533 Pa. at 22–23 & n. 3, 617 A.2d at 707 & n. 3; *see also* 42 Pa.C.S. § 9754(c)(8).[6]

■ Here, the statutory authority permitting an order of restitution is set forth in Section 6352 of the Juvenile Act and provides, in pertinent part, as follows:

(a) **General rule.**—If a child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

* * *

(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilita-

**6.** Specifically, Section 9754 of the Judicial Code, 42 Pa.C.S. § 9754, provides:

**Order of probation**

* * *

(b) **Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

(c) **Specific conditions.**—The court may as a condition of its order require the defendant:

* * *

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S. § 9754(b)(c)(8).

tion considering the nature of the acts committed and the earning capacity of the child.

42 Pa.C.S. § 6352(a)(5).

As is apparent from the face of Section 6352, the rehabilitative policy of the Juvenile Act's restitution provision corresponds to that which supports the imposition of restitution as a condition of probation in a criminal case. Section 6352, unlike the provision of the Crimes Code providing for restitution as a condition of sentence, does not contain language specifically requiring that the loss or injury be a direct result of the juvenile's wrongful conduct. Consistent with the protection of the public interest and the community, the rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community. *See* 42 Pa.C.S. § 6301(b)(2). Thus, the policies underlying the Juvenile Act and its restitution provision, as well as the plain language of Section 6352, serve to invest the juvenile court with a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile.

Here, M.W. was charged with multiple offenses constituting crimes against property and, indeed, admitted to one such offense.[7] Considering M.W.'s admitted participation in the criminal episode, his agreement to make reparation to resolve the matter, the small measure of restitution actually ordered (approximately three percent of the actual damages), and the rehabilitative policies underlying the Juvenile Act, the juvenile court appropriately ordered restitution. Accordingly, the order of the Superior Court is reversed, and the order of the juvenile court is reinstated.

---

7. The offense of criminal trespass is reposed in the article of the Crimes Code delineating offenses against property. 18 Pa.C.S. §§ 3301–4116.