J-S63015-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN THE INTEREST OF: T.P., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.P., A MINOR | |
| | No. 632 WDA 2017 |

Appeal from the Order Entered March 17, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-JV-0000404-2017

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    FILED OCTOBER 17, 2017

T.P. appeals from the March 17, 2017 order imposing restitution in this matter. We affirm.

Appellant was charged with being delinquent for committing acts that constituted conspiracy to possess heroin and possession of marijuana. The facts underlying the allegations were as follows. On February 13, 2017, after a firearm was pointed at a male, Pittsburgh Police were called to a high school on Murray Avenue in Pittsburgh. Police were told that the perpetrators fled in a silver Ford Explorer, and they were given a partial license plate number, which matched the license plate of a vehicle reported as stolen.

Police spotted the vehicle, which had four occupants, confirmed that it was stolen, and attempted to stop it by activating their lights and siren. The Explorer went through a red light, struck another vehicle, and came to a rest. Appellant, who was the front seat passenger, was apprehended as he attempted to flee. Appellant had a bag of marijuana on his person, and heroin was recovered both from the occupants and within the stolen Ford. Appellant was adjudicated delinquent based upon the allegations contained in the petition for delinquency.

On March 17, 2017, the juvenile court ordered Appellant to pay restitution totaling $1,769.36 for the damage caused to the two vehicles involved in the accident, the stolen Ford, and the other vehicle involved in the wreck. Appellant filed a timely motion for reconsideration of the sentence of restitution. He averred that the acts that he admitted to committing and that supported the adjudication of delinquency were drug-related, and those acts did not pertain, to any extent, to the damage to the two vehicles. Appellant complained that the court abused its discretion and did not have the authority to impose restitution for damages that his actions played no part in causing. The motion for reconsideration was denied on March 28, 2017, and Appellant filed the present appeal on April 26, 2017. On appeal, Appellant maintains that restitution for the damage to the vehicles involved in the accident should not have been imposed on him. He raises these issues:

- 2 -

[1.] Did [the] Trial Court issue an illegal sentence when it ordered [Appellant] to pay restitution without any causal connection between the charge at trial and the damages?

[2.] Did [the] Trial Court abuse its discretion by ordering restitution without giving due consideration to the unique factors of the juvenile before it?

Appellant's brief at 3.

Since "the Juvenile Act grants to the court broad discretion in disposition," we review a dispositional order for an abuse of discretion. Commonwealth v. K.M.-F., 117 A.3d 346, 350 (Pa.Super. 2015) (quoting In the Interest of A.D., 771 A.2d 45, 53 (Pa.Super. 2001) (en banc). Restitution in the juvenile setting is authorized by a statute providing that, once a child is adjudicated delinquent,

> the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:
>
> . . . .
>
> [o]rdering payment by the child of reasonable amounts of money as fines, costs, fees or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child, including a contribution to a restitution fund.

42 Pa.C.S. § 6352(a)(5).

Our Supreme Court considered the juvenile court's authority to award restitution under § 6352(a)(5) in In re M.W., 725 A.2d 729 (Pa. 1999). Our High Court observed that, in an adult criminal proceeding, "restitution may be imposed either as a direct sentence, or as a condition of probation. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim." Id. at 732 (citations omitted).

Thus, when restitution is imposed as a condition of probation, the trial court is granted "the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way." Id. Simply put, "the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation." Id.

Our High Court in In re M.W. ruled that the principles applicable to restitution imposed as a condition of probation rather than as a direct sentence were applicable to 42 Pa.C.S. § 6352(a)(5). It reasoned that

> the rehabilitative policy of the Juvenile Act's restitution provision corresponds to that which supports the imposition of restitution

- 4 -

as a condition of probation in a criminal case. Section 6352, unlike the provision of the Crimes Code providing for restitution as a condition of sentence, does not contain language specifically requiring that the loss or injury be a direct result of the juvenile's wrongful conduct. Consistent with the protection of the public interest and the community, the rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community. See 42 Pa.C.S. § 6301(b)(2). Thus, the policies underlying the Juvenile Act and its restitution provision, as well as the plain language of Section 6352, serve to invest the juvenile court with a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile.

Id. at 732-33 (emphases added).

Herein, the juvenile court observed that Appellant was part of a group of people who pointed a gun at a male, were located in a stolen vehicle, possessed heroin and drugs in the vehicle and on their person, and led police on a high speed chase, resulting in a car accident. The juvenile court justified its imposition of restitution as follows:

The appellant was one of four juveniles involved in a high speed chase in which one victim suffered both physical and monetary losses and the second victim, substantial monetary losses. As demonstrated by his response to the Court at the time of adjudication, the appellant had knowledge that he was in a stolen vehicle. While he was not the driver, he was a participant in an incident which resulted in injuries and loss of property for two innocent individuals. This appellant has been involved in the juvenile system previously and had only been off of probation for a few weeks before knowingly engaging in criminal behavior. In the instant matter, an imposition of $1,769,36 in restitution is not excessive. Imposition of restitution in this matter serves to hold the appellant accountable for his participation, regardless of whether he was in actual physical control of the vehicle. The

- 5 -

victim most significantly impacted by this incident was a pregnant woman. The owner of the stolen vehicle had no vehicle to aid in his support of his three children. The conduct of the appellant's, as well as the co-defendant's actions, could have been devastating. The decision to engage in the operation of a stolen vehicle could have had much more dire consequences if someone been seriously hurt or killed. The appellant is a fifteen year old, healthy, young man who has the earning capacity to pay the restitution in this matter. The appellant along with his co-defendants should be held responsible for making the victims whole financially.

Trial Court Opinion, 5/24/17, at 5-6.

Appellant's first contention is that the award of restitution was not authorized by § 6352(a)(5) because there was no connection between the actions that he committed and the restitution damages. Appellant relies on In Interest of Dublinski, 695 A.2d 827 (Pa.Super. 1997), a case decided by this Court prior to our Supreme Court's pronouncement in In re M.W. Appellant's brief at 11-12. In that decision, we indicated that a restitution award must be linked to the amount of loss or damage actually caused by the juvenile's actions. Dublinski's holding can no longer be considered viable in light of our Supreme Court's determination in In re M.W. that such a nexus is not required. Thus, we reject Appellant's position that there must be a direct causal connection between his conduct and the damages in order for a restitution award to stand.

Appellant's second averment on appeal is that, even if the restitution award was authorized under § 6352(a)(5), the court abused its discretion in imposing it. As outlined, supra, the juvenile court clearly delineated why it

considered an award an appropriate rehabilitative tool in light of Appellant's behavior and as a means to rehabilitate Appellant by causing him to realize the seriousness of his actions. The juvenile court's reasoning dispels any argument that it committed an abuse of discretion, and we reject Appellant's second argument.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017