J-A02005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ROBERT WEIR | : | |
| | : | |
| Appellant | : | No. 1799 WDA 2016 |

Appeal from the Judgment of Sentence October 17, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005483-2016

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED JUNE 18, 2018**

Christopher Robert Weir appeals from the judgment of sentence imposed following his convictions of criminal mischief and harassment. We affirm.

The trial court summarized the relevant facts as follows:

> On April 13, 2016, Jacob Korimko was working as a mechanic at a garage he operated. While he was working on a vehicle, [Appellant] entered the garage and began shouting at Mr. Korimko, claiming that Mr. Korimko owed him money. Mr. Korimko vehemently denied that he owed [Appellant] any money. [Appellant] became agitated and took a very aggressive stance toward Mr. Korimko. [Appellant] continued shouting at Mr. Korimko in a threatening manner and Mr. Korimko feared that [Appellant] was about to physically assault him. Mr. Korimko stepped back away from [Appellant] and [Appellant] then swung his fist and contacted the front headlight/cowl area of Mr. Korimko's 2012 Kawasaki 600 motorcycle. As a result, the entire headlight assembly was damaged. The cowl was caved in. The headlight was broken and the two side frames were destroyed. The main support for the headlight was also broken along with the entire gauge cluster. Mr. Korimko paid

> $1,400 to have the parts replaced. He testified that he had received an additional estimate of $1,000 to have the parts painted to match the motorcycle's color. However, he could not afford to pay the additional $1,000 so he did not have the work done prior to the trial.

Trial Court Opinion, 6/22/17, at 2.[1]

After a non-jury trial, Appellant was found guilty of criminal mischief and the summary offense of harassment. The trial court sentenced him to serve one to two years probation for criminal mischief, and a ninety-day term of probation for harassment. The trial court also ordered Appellant to pay Mr. Korimko $2,000 in restitution. Appellant filed a timely post-sentence motion claiming, *inter alia*, that (1) the verdict of criminal mischief was against the weight of the evidence because Appellant testified that he did not touch the motorcycle; and (2) the $2,000 award of restitution exceeded the $1,496 amount of loss claimed by Mr. Korimko at trial. The trial court denied the post-sentence motion on October 27, 2016. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issues for our review:

I.    Were the guilty verdicts of criminal mischief and harassment rendered against the weight of the evidence?

---

[1] The trial court and the Commonwealth refer to the victim as "Korimko," whereas Appellant refers to him as "Korinko." The record reveals that "Korimko" is the proper spelling. **See** N.T., 10/17/16, at 8.

II.    Alternatively, was the sentencing order imposing restitution in the amount of $2,000 speculative and unsupported by the record?

Appellant's brief at 5.

In his first issue, Appellant challenges the weight of the evidence supporting his convictions.  A challenge to the weight of the evidence must be preserved either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing.  **See** Pa.R.Crim.P. 607(A)(1)-(3); **see also id.**, cmt. (providing that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").  An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion.  **Commonwealth v. Burkett**, 830 A.2d 1034, 1037 n.3 (Pa.Super. 2003).  A claim challenging the weight of the evidence cannot be raised for the first time in a Pa.R.A.P. 1925(b) statement.  **Burkett**, **supra** at 1037.

On appeal, Appellant argues that the guilty verdicts for both criminal mischief and harassment were against the weight of the evidence because Mr. Korimko's testimony was "wholly inconsistent and unreliable," and "so manifestly contradictory as to shock one's sense of justice."  Appellant's brief at 13; **see also id**. at 13-18 (highlighting the inconsistencies in Mr.

Korimko's testimony regarding the damages to his motorcycle, cost of repairs, model year and the nature of the dispute between them).

Our review of the record indicates that Appellant's challenge to the weight of the evidence, as presented in his post-sentence motion, was limited to his claim that the criminal mischief verdict was against the weight of the evidence because Appellant testified at trial that he did not touch the motorcycle.[2] Appellant failed to raise the weight claim he now presents prior to sentencing or in a post-sentence motion. Rather, Appellant raised his present weight claim for the first time in his Rule 1925(b) statement. Accordingly, we find that Appellant has waived his present challenge to the weight of the evidence. *See* Pa.R.Crim.P. 607; **Burkett**, **supra**.[3]

In his second issue, Appellant claims that the $2,000 restitution award is "speculative and not supported by the record." Appellant's brief at 18. The Commonwealth asserts that Appellant's restitution claim implicates the discretionary aspects of his sentence, and is waived based on his failure to

_____

[2] As Appellant has not raised this weight claim on appeal, we deem it abandoned.

[3] Even if Appellant had preserved his challenge to the weight of the evidence, we would have concluded that it lacks merit for the reason that the trial court, sitting as the fact-finder, rejected Appellant's version of the facts, found the Commonwealth's evidence to be "credible, competent and reliable," and expressly stated that "the verdict does not shock "any rationale sense of justice." Trial Court Opinion 6/22/17, at 4.

comply with Pa.R.A.P. 2119(f).[4]   In response, Appellant argues that his restitution claim presents a non-waivable challenge to the legality of his sentence.

In *In the Interest of Dublinski*, 695 A.2d 827 (Pa.Super. 1997), this Court noted an apparent conflict in our decisions as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding.  *See id*. at 828-29 (noting that several opinions had held that a claim that a restitution award is speculative implicated the discretionary aspects of sentencing, whereas other opinions had held that a claim that the restitution award is not supported by the record implicates the legality of the sentence.).  In *In the Interest of M.W.*, 725 A.2d 729, 731 n.4 (Pa. 1999), our Supreme Court addressed the confusion and clarified that "[w]here such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing."

---

[4]  Pursuant to Pa.R.A.P. 2119(f), "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.").

Although Appellant has framed his issue as implicating, in part, the legality of the restitution order imposed by the trial court, a review of his brief reveals that he does not challenge the trial court's **authority** to impose restitution. ***See In the Interest of M.W.***, ***supra***. Rather, the essence of his argument is that the **amount** of restitution imposed is excessive. ***See*** Appellant's brief at 19-20 (conceding that Mr. Korimko testified that the cost to repair the damaged motorcycle parts totaled $1,492, and that it would cost another $1,000 to repaint the motorcycle, but claims that because Mr. Korimko elected not to repaint the motorcycle prior to trial, the $2,000 restitution award exceeds the amount of Mr. Korimko's loss); ***see also id***. (complaining that the Commonwealth failed to present photographs of the motorcycle or receipts for replacement parts to corroborate Mr. Korimko's testimony, but presenting no legal authority for the proposition that this type of evidence is required to support an award of restitution). Thus, Appellant's restitution claim implicates the discretionary aspects of the restitution order. ***See In the Interest of M.W.***, ***supra***.

When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa.Super. 1997). Prior to reaching the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

In the instant case, Appellant filed a timely post-sentence motion in which he claimed that the $2,000 award of restitution exceeded the $1,492 amount of loss claimed by Mr. Korimko at trial. **See** Post-Trial Motion, 10/26/16, at unnumbered 3 (noting that Mr. Korimko chose not to have his bike repainted prior to trial). Although Appellant filed a timely notice of appeal, he failed to include in his brief a separate Rule 2119(f) statement, and the Commonwealth has objected. We are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. ***Commonwealth v. Roser***, 914 A.2d 447, 457 (Pa.Super. 2006); ***see also Commonwealth v. Farmer***, 758 A.2d 173, 182 (Pa.Super. 2000) (observing that we may not reach the merits of discretionary aspects of sentencing claims where the Commonwealth has objected to the omission of a Pa.R.A.P. 2119(f) statement and finding the issue to be waived). Accordingly, Appellant's challenge to the discretionary aspects of the restitution award is waived.

Judgment of sentence affirmed.

Judge Kunselman joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/18/2018