**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER SCOTT YOUST | : | |
| | : | |
| Appellant | : | No. 1774 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 8, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003167-2018

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 26, 2020**

Christopher Scott Youst appeals the judgment of sentence entered following his *nolo contendre* plea to accidents involving death or personal injury while not properly licensed; four counts of accidents involving damage to attended vehicle or property; driving upon sidewalk; four counts of accidents involving damage to unattended vehicle or property; driving while operating privilege is suspended or revoked; resisting arrest; and cruelty to animal.[1] Youst claims that the trial court erred in failing to hold an ability to pay hearing before imposing fines and restitution and erroneously ordered restitution to the Pennsylvania Society for the Prevention of Cruelty to Animals (PSCPA). We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3742.1(a), 3743(a), 3703, 3745(a), 1543(a); 18 Pa.C.S.A. §§ 5104 and 5533(a), respectively.

The facts giving rise to Youst's plea are as follows:

[O]n or about April 26th of 2018, [Youst] was in operation of a silver Chrysler Sebring when he struck an occupied vehicle causing the victim, Marcia Zamboni, bodily injury and required EMTs and required Ms. Zamboni to be transported to the hospital for treatment.

Additionally, [Youst] did strike three occupied vehicles driven by Glen Hagy, Deborah Guy and Todd Rhoades, as well as an occupied building that being the TW Ponessa counseling services building, which was also occupied at the time.

[Youst] then did exit the vehicle and didn't remain with his vehicle, walked across the street and attempted to blend in with a crowd of onlookers and did not provide his information to the victim or render aid to the victim.

Additionally, Your Honor [Youst] did drive on the sidewalk prior to striking the TW Ponessa Building and caused damage two unattended vehicles, first belonging to Hertz Rental Company leased by Christian Calero, and the second vehicle being owned by Valerie Subatin. [Youst] also struck light poles owned by PPL, as well as two parking meters owned by the City of Lancaster.

[Youst] did resist arrest when police officers eventually met up with [Youst], requiring Sergeant Lopez, Lieutenant Smith, Detective Smith, Detective McCready and Sergeant Mummau to create a substantial risk of bodily injury and required those public servants to employ means justifying substantial force to overcome [Youst's] resistance. That was in the course of effectuating a lawful arrest.

Additionally, [Youst's] driving privileges were suspended or revoked at the time.

And finally, [Youst] did have a gray and white pit bull puppy located in his vehicle when he flipped his vehicle, causing the dog to be treated for possible injuries. This placed the dog in imminent risk of serious bodily injury.

N.T., Guilty Plea, 7/8/19, at 11-12. The trial court sentenced Youst to an

aggregate term of no more than 23 months' incarceration with immediate

parole and imposed restitution in the amount of $61,479.67, of which $6,098.21 was ordered to PSCPA, $1,225 in fines, and costs. ***See*** Restitution Summary, dated 7/1/19. Additionally, the restitution was entered "as part of the sentence," but the restitution to PSCPA was ordered to be a condition of probation. ***Id.*** A term of probation was not imposed. Youst filed a Motion for Leave to Withdraw Guilty Plea and Vacate Sentence, which after a hearing the trial court denied. This timely appeal followed.

Youst raises the following issues before this Court:

I. DID THE SENTENCING COURT ERR WHEN IT SENTENCED [YOUST] TO PAY FINES, COSTS AND RESTITUTION WITHOUT HOLDING A HEARING ON [YOUST'S] ABILITY TO PAY FINES, COSTS AND RESTITUTION?

II. DID THE SENTENCING COURT ERR WHEN IT ORDERED [YOUST] PAY RESTITUTION TO THE PENNSYLVANIA SPCA, WHO WAS NOT A VICTIM IN THIS MATTER?

Youst's Br. at 4 (suggested answers omitted).

Both of Youst's claims challenge the imposition of restitution as a part of his sentence. "Where an appellant's challenge is directed to the trial court's authority to impose restitution, it implicates the legality of the sentence." ***Commonwealth v. McCabe***, 230 A.3d 1199, 1203 (Pa.Super. 2020), *appeal granted*, No. 226 MAL 2020, 2020 WL 5014921 (Pa. Aug. 25, 2020). We review a challenge to the legality of a sentence for an abuse of discretion and our standard of review is plenary. ***Id.***

"[R]estitution may be imposed either as a direct sentence, 18 Pa.C.S.[A.] § 1106(a), or as a condition of probation, 42 Pa.C.S.[A.] § 9754."

*Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa.Super. 2017) (*en banc*) (quoting *In re M.W.*, 725 A.2d 729, 732 (Pa. 1999)). When restitution is imposed as a direct sentence, "the injury to property or person for which restitution is ordered must directly result from the crime." *Id.* (quoting *In re M.W.*, 725 A.2d at 732). Section 1106 was amended on October 24, 2018, and where "'the events that led to [a]ppellant's conviction occurred before October 24, 2018, [the since-repealed] version of the statute applies.'" *Commonwealth v. Hunt*, 220 A.3d 582, 586 (Pa.Super. 2019) (quoting *Commonwealth v. Tanner*, 205 A.3d 388, 396 n.7 (Pa.Super. 2019) (alteration in *Hunt*)). Prior to its amendment, Section 1106 read as follows: "Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a) (effective January 31, 2005). It also required that "[t]he court shall order full restitution . . . regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." *Id.* at § 1106(c)(1)(i) (effective January 31, 2005).

For his first issue, Youst claims that "[t]he sentencing court in this matter did not specify whether the restitution imposed was a condition of probation or was mandatory restitution under the statute." Youst's Br. at 8. He maintains that because PSCPA and "several other entities listed" on the

restitution form are not victims as defined in Section 1106, "it follows that restitution ordered in this matter to those entities falls under Section 9754(c)(8) as a condition of probation." *Id.* at 8-9. As such, he argues that "under Section 9754(c)(8) the court is obligated to determine the amount of restitution that a defendant can pay." *Id.* at 9 (citing *Holmes*, 155 A.3d at 87).

Though Youst claims that the trial court did not specify whether it imposed restitution as a condition of probation or as mandatory restitution under Section 1106, the record holds otherwise. The sentencing order is clear the intention of the court was to impose restitution as a part of Youst's sentence with the limitation that the restitution for PSCPA be a condition of Youst's probation. *See* Sentencing Order, dated 7/8/19. However, because nothing in the record evidences that the trial court sentenced Youst to a period of probation, it appears that all of the restitution order was entered as a sentence rather than a condition of probation. As such, the trial court was not required pursuant to the pre-amended version of Section 1106 to determine Youst's ability to pay restitution prior to imposing its sentence. *See* 18 Pa.C.S.A. § 1106(c)(1)(i) (effective January 31, 2005). Therefore, we conclude that the trial court did not abuse its discretion in sentencing Youst to an amount of restitution without determining his ability to pay.

Next, Youst claims that "the restitution ordered to the Pennsylvania SPCA is illegal because the SPCA is not a 'victim' as contemplated by the statute." Youst's Br. at 10. He also argues that "the animal that was injured

is not an individual or victim under the definition of § 1106." **Id.** at 11. Additionally, he alleges that "[t]he SPCA is not entitled to compensation under the Crime Victim's Act (hereinafter CVA) either . . . because to qualify under the CVA, the SPCA would have to be an individual, which it is not, and suffer a physical or mental injury, death, or loss of earnings, which it did not." **Id.**

In his 1925(b) statement, Youst did not raise this issue, nor did he raise it in his post sentence motion. **See** Post Sentence Motion, dated 7/18/19 (requesting to withdraw guilty plea). Normally this would result in waiver; however, because Youst's claim goes to the legality of his sentence, this issue cannot be waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); **Commonwealth v. Olson**, 179 A.3d 1134, 1137 (Pa.Super. 2018) ("a legality of sentencing issue is reviewable and cannot be waived"); **McCabe**, 230 A.3d at 1203.

We agree with Youst that the PSPCA is not considered a victim under Section 1106 or the Crime Victims Act ("CVA"). **See** 18 Pa.C.S.A. § 1106(h) (effective January 31, 2005) (restitution statute defining victim)[2]; 18 P.S. §

_____

[2] The relevant version of Subsection 1106(h) reads as follows:

> As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the

11.103 (CVA statute defining victim)[3]; **Hunt**, 220 A.3d at 588 (quoting

**Holmes**, 155 A.3d at 80 (quoting 71 P.S. § 180-9.1) (defining victim

according to Administration Code of 1929, as referenced in 18 Pa.C.S.A. §

1106(h))[4].

_____

       victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106(h) (effective January 31, 2005) (footnote omitted).

[3]     Under the CVA, a victim is defined as:

       (1) A direct victim.

       (2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

       (3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:

           Chapter 25 (relating to criminal homicide).

           Section 2702 (relating to aggravated assault).

           Section 3121 (relating to rape).

       (4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103.

[4] Section 479.1 of the Administrative Code of 1929 defines a victim as:
       (1) A person against whom a crime is being or has been perpetrated or attempted.

However, Youst's claim still lacks merit because Section 5553 of the Cruelty to Animals statute authorizes the imposition of "[t]he cost of keeping, care and destruction of the animal" to be paid "by the owner of the animal[.]" 18 Pa.C.S.A. § 5553. Furthermore, Section 5553 provides that "the authority imposing sentence upon a conviction for a violation of this subchapter may require that the owner pay the cost of the keeping, care and destruction of the animal." *Id.* Youst was convicted under Section 5533(a), and therefore subject to Section 5553. Youst does not contest that he was the owner of the dog found in his vehicle nor does he challenge that the trial court did not have authority to impose restitution under Section 5553. In fact, Youst makes no mention of the statute. Youst's dog was in the vehicle when he crashed his car. As a result, Youst's dog had to be treated for possible injuries. The PSPCA was authorized to provide treatment for the dog and the trial court did not abuse its discretion by ordering that Youst pay restitution to PSCPA since he was the owner of the dog. *Commonwealth v. Lee*, 947 A.2d 199, 201-02 (Pa. 2008) (citing to former version of Section 5533 and concluding trial court

---

(2) A parent or legal guardian of a child so victimized, except when the parent or legal guardian of the child is the alleged offender.

(3) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiancé, one of whom is to be identified to receive communication as provided for in this act.

*Hunt*, 220 A.3d at 588 (quoting *Holmes*, 155 A.3d at 80  (quoting 71 P.S. § 180-9.1)).

had statutory authority to impose costs of care of animal to owner of animal, appellant). We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2020