J-S18028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARBARA JEAN KISSINGER | : | |
| | : | |
| Appellant | : | No. 1676 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 9, 2021
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000587-2019

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: SEPTEMBER 9, 2022**

Barbara Jean Kissinger appeals the judgment of sentence entered following her *nolo contendere* plea to two counts of aggravated cruelty to animals.[1] Kissinger claims that the trial court erred in ordering her to pay restitution to the Huntingdon County Humane Society ("HCHS"). We affirm.

The Commonwealth charged Kissinger with multiple counts of cruelty to animals after a multitude of cats, both deceased and alive were found in Kissinger's home and U-Haul truck. Kissinger pleaded *nolo contendere* to two counts of aggravated cruelty to animals, on July 9, 2019. Immediately following her plea, the trial court sentenced Kissinger to two consecutive terms of seven years of reporting probation. The court also ordered restitution to HCHS in the amount of $8,672.50.

---

[1] 18 Pa.C.S.A. 5534(a)(2)

Kissinger filed a timely post-sentence motion challenging the court's imposition of restitution. **See** Defendant's Post-Sentence Motion, filed 7/19/19. The court held a hearing on the motion on September 23, 2021. Kissinger filed a notice of appeal to this Court on December 22, 2021. The court entered an order denying the post-sentence motion by operation of law the same day.

Kissinger presents the following issues on appeal:

I.   Whether this Honorable Court should quash this appeal as untimely, where [Kissinger's] facially untimely appeal was caused, at least in part, by a breakdown of the processes of the court below?

II.  Is the restitution order to Huntingdon County Human Society an illegal sentence?

Kissinger's Br. at 5 (suggested answers omitted).

Kissinger's first issue questions whether this Court should quash her appeal as untimely. She maintains that her appeal should not be quashed because her untimely filing of the appeal was due to a breakdown in the trial court. Kissinger's claim presents a question of law, specifically our subject matter jurisdiction. Our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Jones**, 929 A.2d 205, 211 (Pa. 2007).

When a defendant has filed a timely post-sentence motion, the court should rule on the motion within 120 days. **See** Pa.R.Crim.P. 720(B)(3)(a). If the court fails to decide the motion within 120 days, the motion is deemed denied by operation of law. **Id.** In such a case, the clerk of court enters an

order on behalf of the court noting the denial by operation of law. Pa.R.Crim.P. 720(B)(3)(c). Following this order, the defendant has 30 days to file a notice of appeal or this Court lacks jurisdiction over the appeal. Pa.R.Crim.P. 720(A)(2)(b); Pa.R.A.P. 903(A) (providing that notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

Here, Kissinger filed a timely post-sentence motion on July 19, 2019. The 120-day period for the court to act on the motion expired on November 18, 2021. *See* 1 Pa.C.S.A. § 1908 (excluding weekends from the computation of time). The order noting the deemed denial of the post-sentence motion was not entered until after Kissinger had appealed, on December 22, 2019.

Where the late filing of an appeal is due to an error in the trial court's processes, we will treat the appeal as timely. Here, the clerk of court should have entered an order on November 18, 2019, denying Kissinger's motion by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(c). Although Kissinger did not appeal within 30 days of the deemed denial of her post-sentence motion, the clerk's failure to enter an order noting the deemed denial excuses that failing. *See Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa.Super. 2003). We therefore have jurisdiction over this appeal.

Kissinger's remaining issue challenges whether the trial court had authority to order restitution as part of her sentence. She maintains that the HCHS is not a "victim" as defined in the statute addressing restitution. *See* 18 Pa.C.S.A. § 1106. She also alleges that even if HCHS could be considered a "victim" within the meaning of Section 1106, HCHS "is not an individual who

- 3 -

suffered personal injury." Kissinger's Br. at 16. She alleges that the subsection of animal cruelty to which she pled "is silent as to any civil penalty or restitution." *Id.* at 17.

"Where an appellant's challenge is directed to the trial court's authority to impose restitution, it implicates the legality of the sentence." **Commonwealth v. McCabe**, 230 A.3d 1199, 1203 (Pa.Super. 2020), *affirmed*, 265 A.3d 1279 (Pa. 2021). As such, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Melvin**, 172 A.3d 14, 19 (Pa.Super. 2017) (quoting **Commonwealth v. Brown**, 159 A.3d 531, 532 (Pa.Super. 2017)).

"[R]estitution may be imposed either as a direct sentence, 18 Pa.C.S.[A.] § 1106(a), or as a condition of probation, 42 Pa.C.S.[A.] § 9754." **Commonwealth v. Holmes**, 155 A.3d 69, 78 (Pa.Super. 2017) (*en banc*) (quoting **In re M.W.**, 725 A.2d 729, 732 (Pa. 1999)). Section 1106, which Kissinger cites, governs the imposition of restitution as a direct sentence.

Here, the court ordered restitution to HCHS as a condition of Kissinger's probation. Conditions of probation are governed by 42 Pa.C.S.A. § 9754 and § 9763. These statutes together empower a sentencing court to impose reasonable conditions on probation, including "[t]o make restitution of the fruits of the crime or to make reparations, in an affordable amount and on a schedule that the defendant can afford to pay, for the loss or damage caused by the crime." 42 Pa.C.S.A. § 9763(b)(10).

The cruelty to animals statutes explicitly permitted the court to require Kissinger to pay for the cost of caring for her animals. The cruelty to animals statutes are in Title 18 of the Pennsylvania Consolidated Statutes, chapter 55, subchapter B. These statutes provide that "[t]he cost of the keeping, care and destruction of" any animal seized pursuant to these statutes is to be paid "by the owner of the animal[.]" 18 Pa.C.S.A. § 5553. Section 5553 provides that the court "imposing sentence upon a conviction for a violation of this subchapter may require that the owner pay the cost of the keeping, care and destruction of the animal." *Id.*

Kissinger was convicted of an offense in subchapter B, Section 5534(a), and was therefore subject to Section 5553. Kissinger does not contest that she was the owner of the cats found in her house or U-Haul nor does she challenge the court's authority under Section 5553 to require her to pay for the cats' care. In fact, Kissinger makes no mention of the statute. Kissinger's cats were in her home and U-Haul and because of her lack of care, these animals had to be treated and cared for by the HSHC. As HSHC incurred the cost of the care, the trial court did not err by ordering Kissinger to pay HSHC the cost as a condition of her probation. *Commonwealth v. Lee*, 947 A.2d 199, 201-02 (Pa.Super. 2008) (affirming order requiring defendant to pay restitution, as condition of probation, to animal shelter for care of appellant's dog following conviction for cruelty to animals). We thus affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/09/2022