J-S09041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY M. KRISTIANSEN | : | |
| | : | |
| Appellant | : | No. 2107 EDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000469-2022

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                    **FILED JUNE 13, 2024**

Tony M. Kristiansen ("Kristiansen") appeals from the judgment of sentence entered by the Monroe County Court of Common Pleas ("trial court") following his guilty plea to conspiracy to commit receiving stolen property.[1] On appeal, Kristiansen challenges the portion of his sentence ordering him to pay $20,357.38 in restitution.  Because we conclude that the trial court's restitution order was illegal, we vacate the portion of Kristiansen's judgment of sentence imposing restitution and remand this matter to the trial court for further proceedings.

On December 6, 2021, the Pennsylvania State Police ("PSP") responded to a report of a suspicious vehicle at 3064 Creek Road, Price Township, Monroe

---

[1]  18 Pa.C.S. § 903(a)(1).

County.  Affidavit of Probable Cause, 2/1/2022, at 2.  The complainant, Adam Niewood ("Niewood"), informed the PSP that two males were sitting in a black 2005 BMW on private property that he watches for the owner.  *Id.*  Upon arriving at the scene, police encountered Kristiansen walking on the roadway away from the scene.  *Id.*  The police detained Kristiansen and returned him to the scene where Niewood identified him as one of the individuals who was in the BMW.  *Id.*  When the police questioned Kristiansen about the car, he stated that his friend, Duane Edward Green, Jr. ("Green"), had offered to give him a ride in it earlier in the day.  *Id.*  A few hours later, the PSP discovered that the owner of the 2005 BMW was Sibum's Auto Salvage ("Sibum's"), who had reported it stolen.  Sibum's also reported two other vehicles stolen—a 2003 BMW and a 2005 Volkswagen Jetta.  *Id.*

On December 10, 2021, the PSP recovered the 2003 BMW during a traffic stop.  *Id.*  The operator of the car was Bradley Moore ("Moore"), an individual police knew to be an associate of Green.  *Id.*  On January 24, 2022, the PSP interviewed Green regarding the two stolen BMWs after they had arrested him earlier in the day for stealing gasoline.  *Id.*  Green told police that Kristiansen had brought both BMWs to his home because he lived with Moore, who was a good mechanic, and Kristiansen wanted to have Moore work on the vehicles.  *Id.*  Green admitted to police that he drove the 2005 BMW, but claimed that he was not involved in stealing them from Sibum's.  *Id.* at 3.

On February 1, 2022, Kristiansen was arrested and charged with one count of receiving stolen property and two counts of conspiracy to commit receiving stolen property, all of which solely related to the theft of the 2005 BMW. On March 10, 2023, Kristiansen pled guilty to one count of conspiracy to commit receiving stolen property. In exchange for his plea, the Commonwealth withdrew his remaining charges.

On July 14, 2023, the trial court sentenced Kristiansen to 14 to 48 months in prison and ordered him to pay $20,357.38 in restitution to Sibum's. The basis of the trial court's restitution order was Sibum's victim impact statement, which included the full value of both the 2005 BMW and the 2005 Volkswagen Jetta, as well as several items that were allegedly stolen from Sibum's in the months prior to the events of this case, such as batteries, various tool sets, and approximately fifty catalytic converters. *See* Victim Information for Restitution, 5/18/2023. Kristiansen timely appealed to this Court and presents the following issue for our review:

> Did the trial court abuse its discretion by ordering restitution of $20,357.38 to [Sibum's], based on a written request from the [v]ictim and without a hearing, when [Kristiansen] pled guilty to [c]onspiracy-[r]eceiving [s]tolen [p]roperty, graded as a misdemeanor of the first degree, in relation to the BMW that had been stolen that was listed in the criminal charges and was the only item included in the criminal charges, where the restitution amount included items that [Kristiansen] nor co-defendants had been charged with stealing, and the specific restitution for the impound fees for the BMW was $225.00 and the BMW had been returned with no indication that it was in any worse condition than prior to being stolen, therefore making the restitution amount an illegal sentence?

Kristiansen's Brief at 5.

A challenge to a court's restitution order can be construed as either a challenge to the legality or the discretionary aspects of a sentence, depending on the nature of the argument raised. *See Commonwealth v. Weir*, 239 A.3d 25, 28 (Pa. 2020) (recognizing "a conflict in its decisions as to whether an appeal of a restitution order in a criminal proceeding implicates the legality or the discretionary aspects of a particular sentence"). Illegal sentence claims, i.e., those concerning "the sentencing court's authority to impose a sentence[,]" are not waivable and this Court may raise and review an illegal sentence claim sua sponte. *Id.* at 34; *Commonwealth v. Ramos*, 197 A.3d 766, 768 (Pa. Super. 2018). Conversely, an appellant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc). Where a claim challenges the sentencing court's exercise of discretion, "the defendant must preserve and present the claim at trial by way of a contemporaneous objection and/or a post-trial motion and on appeal through the process provided by 42 Pa.C.S. § 9781(b) and Pa.R.A.P. 2119(f)." *Weir*, 239 A.3d at 34. The question of whether a claim implicates the legality of a sentence presents a question of law where our scope of review is plenary, and our standard of review is de novo. *Id.* at 30.

"[T]he authority of the sentencing court to impose restitution is codified in the Crimes Code in [s]ection 1106." *Weir*, 239 A.3d at 34. Section 1106

defines restitution as "[t]he return of property of the victim or payments in cash or the equivalent thereof pursuant to an order of court." 18 Pa.C.S. § 1106(h).

Section 1106 provides, in pertinent part, as follows:

**(a) General rule.--**Upon conviction for any crime wherein:

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.--**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. ...

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

18 Pa.C.S. § 1106(a)(1)-(2), (c)(1)(i), (c)(2)(i).

In **Weir**, our Supreme Court addressed the question of how to interpret a claim challenging a trial court's restitution order. The Court first explained that its decision **In the Interest of M.W.**, 725 A.2d 729 (Pa. 1999), "is this Court's seminal discussion of the distinction between challenges to the legality of a restitution sentence and the discretionary aspects of such a sentence, and the resulting impact on issue preservation requirements." **Weir**, 239 A.3d at 34. The Court stated that the decision in **M.W.** set forth a clear test for determining the nature of a claim challenging a restitution order: "Where such a challenge is directed to the trial court's **authority** to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is **excessive**, it involves a discretionary aspect of sentencing." **Id.** (quoting **M.W.**, 725 A.2d at 731 n.4) (emphasis added).

Our Supreme Court went on to explain these principles within the context of section 1106:

> Section 1106(a) is mandatory in its directive and removes any discretion from the sentencing court to impose restitution as punishment upon conviction of a crime under two circumstances: where the property of a victim has been stolen, converted or otherwise unlawfully obtained or its value has been substantially decreased as a direct consequence of the crime, 18 Pa.C.S. § 1106(a)(1), or where the victim, if an individual, suffered personal injury resulting from the crime, 18 Pa.C.S. § 1106(a)(2). Thus, the failure of a trial court to impose restitution where the circumstances described in [s]ection 1106(a)(1) or (2) are established results in an illegal sentence. Conversely, … if the statutory circumstances are not established and the sentencing court orders restitution, the challenge to the sentence implicates

its legality. In either of these sentencing scenarios, a challenge to the sentence of restitution need not be preserved.

**Weir**, 239 A.3d at 37-38.

In contrast, the Court explained, a challenge purely to the amount of restitution ordered, i.e., the value or the extent of injury or loss suffered by a victim, implicates the sentencing court's discretion. **Id.** at 38. An appellant must properly preserve such a claim. **See Buterbaugh**, 91 A.3d at 1265,

Here, Kristiansen argues that the trial court did not have the authority to impose $20,357.38 in restitution. Kristiansen's Brief at 10-11, 13. Kristiansen maintains that his charges and conviction stem solely from the theft of the 2005 BMW, which Sibum's ultimately recovered unharmed. **Id.** at 10. Consequently, Kristiansen contends that the trial court could not order him to pay restitution for any of the other vehicles Sibum's reported as stolen or the litany of other items (batteries, various tools, and catalytic converters, etc.) missing from Sibum's, none of which Kristiansen was charged with or convicted of stealing. **Id.** at 10-11, 13.

Although Kristiansen challenges the amount of the restitution order, he does so on the basis that the trial court did not have the statutory authority to impose restitution for property he was never charged with or convicted of stealing. **See** Kristiansen's Brief at 10-13. Thus, based on **Weir**, Kristiansen's challenge to the restitution the trial court imposed in this case is a challenge to the legality of his sentence. **See Weir**, 239 A.3d at 37-38. "Because the legality of a sentence presents a pure question of law, our scope of review is

plenary, and our standard of review is de novo." ***Commonwealth v. Derrickson***, 242 A.3d 667, 673 (Pa. Super. 2020) (citation omitted).

The record reflects that Kristiansen was charged with one count of receiving stolen property and two counts of conspiracy to commit receiving stolen property. ***See*** Criminal Complaint, 2/1/2022, at 2. Each of these charges related to the theft of the 2005 BMW. ***See id.*** Ultimately, Kristiansen pled guilty to one count of conspiracy to commit receiving stolen property. ***See*** Guilty Plea Colloquy, 3/10/2023. The victim impact statement submitted for the pre-sentence investigation report, however, contained numerous items for which Kristiansen was never charged with stealing, including two heavy duty batteries for machinery, multiple lithium batteries, several tool sets, and approximately fifty catalytic converters. ***See*** Victim Information for Restitution, 5/18/2023. Sibum's claimed that these items were stolen in the month prior to the vehicles at issue in this case. ***See*** Affidavit of Probable Cause, 2/1/2022, at 3. The victim impact statement also included the value of both the 2005 BMW, which the record reveals the PSP recovered unharmed, and the 2005 Volkswagen Jetta. ***See id.*** at 2; ***see also*** Victim Information for Restitution, 5/18/2023. It is unclear from the record whether Sibum's ever recovered the 2005 Volkswagen Jetta.

At sentencing, while the parties discussed the issue of restitution, Kristiansen's counsel argued that the amount of restitution sought by the victim was inappropriate, and that Kristiansen should only be responsible for

the costs of impounding and recovering the 2005 BMW, as that was the only item he was charged with stealing. N.T., 7/14/2023, at 3-4. Tellingly, when the trial court asked for the Commonwealth's view of the victim impact statement, the Commonwealth responded "that [if] there is nothing in that complaint linking [Kristiansen] to that much loss[,] it would be difficult for us to ask for it." **Id.** at 7-8. The trial court directly acknowledged that Kristiansen was not charged for the theft of nearly all of the items set forth in the victim impact statement, stating, "[t]o be blunt, I do not think any of [the defendants] were charged for those materials[.]" **Id.** at 8. The court, nonetheless, chose to order restitution in the full amount listed in the victim impact statement because Kristiansen was convicted of a conspiracy. **Id.** at 9, 13.

It is correct that "restitution may be imposed upon a conspirator for the acts of his fellow conspirators done within the course of the conspiracy." **Commonwealth v. Mathis**, 464 A.2d 362, 368 (Pa. Super. 1983). Our Court, however, has also held that for a court to have the authority to impose restitution where the victim suffered a loss, the loss or damages that occurred must be a direct result of the defendant's criminal conduct. **Commonwealth v. Poplawski**, 158 A.3d 671, 674 (Pa. Super. 2017); **see also** 18 Pa.C.S. § 1106(a)(1).

Based upon the record before us, the trial court imposed restitution for the loss of property that was not the result of criminal activity for which

Kristiansen was charged or convicted. Kristiansen's charges and conviction related solely to the theft of the 2005 BMW. The trial court's restitution order, however, holds Kristiansen fully responsible for costs related to property that was either returned to Sibum's unharmed, that was stolen from Sibum's at a time unrelated to the instant matter, or the status of which is currently unknown. We therefore conclude that the trial court did not have the authority to impose $20,357.38 in restitution, and, consequently, that its restitution order was illegal. Accordingly, we vacate the portion of Kristiansen's judgment of sentence that requires him to pay $20,357.38 in restitution and remand this matter to the trial court to impose restitution for Sibum's losses that can be directly attributed to Kristiansen's criminal activity, in accordance with section 1106.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/13/2024