IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

**BAER, C.J., SAYLOR, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 2 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered April 17, |
| | : | 2019 at No. 998 WDA 2018, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Venango County |
| | : | entered June 19, 2018 at Nos. CP- |
| JAMES PAUL FINNECY, | : | 61-CR-0000498-2013 and CP-61- |
| | : | CR-0000688-2009. |
| Appellant | : | |
| | : | SUBMITTED: November 17, 2020 |

## OPINION

**JUSTICE MUNDY**                    **DECIDED: APRIL 29, 2021**

### I. Introduction

In this appeal by allowance, we consider whether a single past conviction for a violent crime demonstrates a "history of present or past violent behavior" for purposes of the Recidivism Risk Reduction Act ("RRRI Act"), 61 Pa.C.S. §§ 4501-4512, thereby disqualifying an offender from eligibility for a reduced sentence. Before addressing this question, however, we must first determine whether a trial court's failure to impose a sentence under the RRRI Act implicates sentencing illegality. For the reasons that follow, we affirm in part and reverse in part the order of the Superior Court.

### II. Facts and Procedural History

In January 2010, Appellant James Paul Finnecy was sentenced to a maximum term of two years' imprisonment for unauthorized use of a motor vehicle and theft by unlawful taking, as well as two consecutive terms of eighteen months' probation for

escape, resisting arrest,[1] identity theft, and ten counts of forgery.[2]  In October 2011, Appellant was released from custody and placed on probation.  He committed multiple probation violations over the next several months and also failed to complete a court supervised drug treatment program.  The trial court ultimately revoked Appellant's probation.  On March 7, 2014, Appellant was sentenced to twelve to twenty-four months' imprisonment, to be followed by five years' probation.[3]

In April 2014, Appellant was again released from custody and paroled to a court supervised substance abuse treatment facility.  Shortly thereafter, Appellant absconded from parole and committed numerous additional violations of his supervision.  As a result, the Commonwealth filed a petition to revoke Appellant's probation and parole, which was granted.  In August 2014, Appellant appeared before the trial court for a revocation hearing, at which he admitted to committing numerous material violations of probation and parole such as changing his residence, failing to report, violating curfew, using crack cocaine, associating with drug users or dealers, and consuming alcohol.  As a result, the trial court found Appellant in violation of his probation and parole.  On October 7, 2014,

---

[1] The resisting arrest statute provides that "[a] person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."  18 Pa.C.S. § 5104.

[2] Appellant's charges for unauthorized use of a motor vehicle and theft by unlawful taking appear at docket number CP-61-CR-0000597-2009.  His charges for escape and resisting arrest appear at docket number CP-61-CR-0000599-2009.  Finally, Appellant's charges for forgery and identity theft appear at docket number CP-61-CR-0000688-2009.

[3] While the specifics of the case are unclear from the certified record, Appellant's sentence of twelve to twenty-four months' imprisonment was imposed for a new count of identity theft appearing at CP-61-CR-0000498-2013.  The court also resentenced Appellant for his earlier forgery convictions to three years' probation for each of the ten counts, to run concurrently with each other, but consecutive to the new sentence for identity theft.

Appellant was sentenced to an aggregate term of twelve and one-half to twenty-five years' imprisonment.[4] Relevant to this appeal, the court found Appellant ineligible for a sentence under the RRRI Act. Appellant's judgment of sentence was affirmed on appeal. *See Commonwealth v. Finnecy*, 135 A.3d 1028 (Pa. Super. 2016).[5] This Court denied Appellant's request for review. *Commonwealth v. Finnecy*, 159 A.3d 935 (Pa. 2016).

On March 9, 2017, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in which he claimed, *inter alia*, that defense counsel was ineffective for failing to object to the court's determination that he did not qualify for a sentence under the RRRI Act, resulting in an illegal sentence. The PCRA court appointed counsel, who filed a *Turner/Finley*[6] letter seeking to withdraw. Counsel was permitted to withdraw, and the court issued a notice of intent to dismiss the petition pursuant to Pa.R.A.P. 907. Appellant filed two responses to the court's notice, but the court did not take any additional action. On November 27, 2017, Appellant filed a motion for leave to file an addendum, as well as the addendum itself, based on this

---

[4] Appellant received consecutive terms of one to two years' imprisonment for each of the ten counts of forgery at docket number CP-61-CR-0000688-2009. He also received two and one-half to five years' imprisonment for identity theft at docket number CP-61-CR-0000688-2009, as well as an additional two and one-half to five years' imprisonment for identity theft at docket number CP-61-CR-0000498-2013. Appellant's sentences for identity theft were ordered to run concurrently which each other, but consecutive to the sentences for forgery. *See* Sentencing Order, 10/07/14, at 1-3.

[5] On direct appeal, Appellant raised a claim that the trial court erred by finding him ineligible for a reduced sentence under the RRRI Act. Relying on *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014), the Superior Court first concluded that this claim implicated sentencing illegality. *Finnecy*, 135 A.3d at 1033. It further concluded that Appellant's conviction for resisting arrest constituted a crime demonstrating present or past violent behavior, rendering him ineligible for a sentence under the RRRI Act. *Id.* at 1037.

[6] *See Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (establishing procedures for withdrawal of court-appointed counsel where counsel concludes issues raised in PCRA petition are meritless).

Court's then-recent decision in *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017), which held that a single present conviction for first-degree burglary does not constitute a "history of present or past violent behavior" disqualifying an offender for a sentence under the RRRI Act. Appellant maintained that per *Cullen-Doyle* the trial court improperly concluded he did not qualify for a sentence under the RRRI Act, resulting in an illegal sentence.

After a hearing, the PCRA court dismissed Appellant's petition. It followed its decision with an opinion outlining its bases for dismissal. The court first relied on the Superior Court's opinion from Appellant's direct appeal in which the court concluded that a conviction for resisting arrest qualified as "violent behavior" under Section 4503. PCRA Ct. Op., 6/19/18, at 6-7. The court further found Appellant's reliance on *Cullen-Doyle* unavailing based on what it perceived as two major factual distinctions between that case and the instant matter. *Id.* at 7-9. The court first noted that *Cullen-Doyle* merely held that a court may not find an offender ineligible for a reduced sentence under the RRRI Act based upon a single conviction for a crime demonstrating violent behavior for which the offender is currently being sentenced. *Id.* at 7-8. The court explained, however, that Appellant is not a first-time offender, but rather has a history of past violent behavior, namely a conviction for resisting arrest, established prior to the imposition of the challenged sentence. *Id.* The court also explained *Cullen-Doyle* found that a single present offense, rather than a single previous offense, did not constitute a history of past or present violent behavior. *Id.* at 8. Accordingly, the court dismissed Appellant's petition.

Appellant appealed to the Superior Court, which affirmed in a divided, unpublished memorandum. *Commonwealth v. Finnecy*, 998 WDA 2018, 2019 WL 1752803 (Pa. Super. April 17, 2019). The Superior Court first recognized that "a defendant's challenge relative to the failure to apply a RRRI minimum [is] a non-waivable illegal sentencing

claim." *Id.* at *4 (quoting *Commonwealth v. Tobin*, 89 A.3d 663, 669 (Pa. Super. 2014) (citation omitted)). As for the merits of Appellant's claim, the court agreed with the PCRA court's conclusion that Appellant's previous resisting arrest conviction rendered him ineligible for a RRRI Act sentence because it demonstrated a history of present or past violent behavior. *Id.* at *5 (citing *Commonwealth v. Finnecy*, 135 A.3d at 1037). The court then reasoned, with little explanation, that the record demonstrated Appellant did not qualify as the type of first-time offender identified in *Cullen-Doyle* as potentially eligible for a reduced sentence under the RRRI Act. *Id.* Thus, the court affirmed the PCRA court's dismissal of Appellant's petition. *Id.*

Senior Judge Eugene B. Strassburger authored a dissenting opinion disagreeing with the court's conclusion that a single conviction for a non-enumerated crime of violence constitutes a "history of present or past violent behavior" as contemplated by Section 4503. *Id.* In Appellant's direct appeal to the Superior Court, Judge Strassburger agreed with a previous court that a conviction for resisting arrest constituted a crime of violence rendering Appellant ineligible for a RRRI sentence. *Id.* However, in light of our subsequent decision in *Cullen-Doyle*, Judge Strassburger questioned the strength of this conclusion. *Id.* He maintained that while resisting arrest is a crime demonstrating violent behavior, it nonetheless does not render Appellant ineligible for a sentence under the RRRI Act. *Id.* He explained that in *Cullen-Doyle*, this Court found that a single present conviction for a crime of violence does not equate to a history of violent behavior. *Id.* He maintained that although that precise holding does not govern this case, which involves a single prior conviction, its reasoning is instructive for several reasons:

> I am persuaded by the reasoning in *Cullen-Doyle* that the language of the RRRI statute is ambiguous; that the word history refers to "an established record of or pattern of past or present violent behavior;" that the "Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders;" that construing the statute broadly would

> disqualify too many individuals based upon a mere "single instance of violence;" that all crimes of violence should not be *per se* disqualifying; and that the rule of lenity means the statute should be construed in favor of those seeking admission to the program. [*Cullen-Doyle*, 164 A.3d at 1241-44].

*Id.* Accordingly, Judge Strassburger would have found Appellant's sentence illegal and reversed the decision of the PCRA court. *Id.*

We granted Appellant's petition for allowance of appeal to address the following:

> Does a single, past conviction for a violent crime constitute a "history of present or past violent behavior" for purposes of the Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S. §§ 4501-4512?

*Commonwealth v. Finnecy*, 224 A.3d 1260 (Pa. 2020) (per curiam). We also directed the parties to address the threshold question of whether a court's failure to apply a sentence under the RRRI Act implicates sentencing illegality. *Id.*

### III. Parties' Arguments

As to the issue of whether a court's failure to impose a sentence under the RRRI Act implicates sentencing illegality, both parties' arguments leave much to desire. Appellant's argument is extremely brief and undeveloped. Indeed, the entirety of his argument reads as follows:

> In addressing the issue of an illegal sentence, the appellant relies on *Commonwealth v. Berry*, 877 A.2d 479 ([Pa. Super.] 2005). Although the circumstances differ, like *Berry,* the appellant contends that an illegal sentence [sic] and is subject to be corrected. Therefore, it is the appellant's contention that this matter be remanded to the trial court to correct his sentence and render him RRRI eligible.

Appellant's Brief at 17-18.

As for the Commonwealth, it acknowledges that whether a court's failure to apply a reduced sentence under the RRRI Act implicates sentencing illegality is unclear, but

nonetheless concedes that it does.[7]  Commonwealth's Brief at 10.  The Commonwealth generally notes that the PCRA provides an avenue for an offender to seek relief from an illegal sentence.  *Id.* (citing *Commonwealth v. DiMatteo*, 177 A.3d 182, 192 (Pa. 2018)). It then references both *Commonwealth v. McIntyre*, 232 A.3d 609 (Pa. 2020), and *Commonwealth v. Eisenberg*, 98 A.3d 1268 (Pa. 2014), though it is unclear for what purpose.  *Id.* at 12-13.  With respect to the former, the Commonwealth avers that based on *McIntyre* "a claim which implicates the legality of sentence should include [those] involving a trial court's lack of constitutional or statutory authority to impose a sentence." *Id.* at 12 (citing *McIntyre*, 232 A.3d at 615).  This language, however, appears in the parties' arguments section of that opinion, rather than our analysis.  As for *Eisenberg*, the Commonwealth seems to reference this case in an effort to demonstrate the complexity

---

[7] Although the Commonwealth agrees that such a claim implicates sentencing illegality, it alternatively argues the PCRA court lacked jurisdiction to consider this issue on two grounds.  Commonwealth's Brief at 10-11.  The Commonwealth first asserts that Appellant's addendum raising an illegal sentencing claim based on *Cullen-Doyle* was filed beyond the twenty-day limit in which he was permitted to respond to the court's notice of intent to dismiss.  *Id.* (citing Pa.R.A.P. 907).  The Commonwealth also avers that Appellant's addendum invoking *Cullen-Doyle*, which was decided on July 20, 2017, was untimely pursuant to the then-existing sixty-day time limit set forth in 42 Pa.C.S. § 9545(b) (explaining petitioner asserting timeliness exception under the PCRA must file petition within sixty days of the date the claim could have been presented) (amended Oct. 24, 2018, P.L. 894, No, 146, § 2, effective December 24, 2018) (extending the time for filing a petition from sixty days to one year from the date the claim could have been presented). *Id.*  We do not find either of these arguments persuasive.  That Appellant's addendum was filed beyond the twenty-day period following the court's notice of intent to dismiss is of no moment. The court had yet to take any further action on the petition following Appellant's responses to the notice, therefore maintaining jurisdiction.  This being the case, Appellant specifically moved for permission to file an addendum, which the court permitted as evidenced by its scheduling of a hearing on the matter.  At that hearing, the trial court also noted that it had accepted the addendum to Appellant's original filing.  N.T., PCRA Hearing, 2/16/18, at 2, 11.  As for the Commonwealth's argument that Appellant's filing based on *Cullen-Doyle* was untimely under Section 9545(b), this provision applies only where the petitioner raises new case law in order to satisfy an exception to the PCRA's timeliness requirements.  Appellant's addendum did not constitute a new untimely petition, but was effectively a continuation of his original timely filing.

of determining whether a claim implicates sentencing illegality. *Id.* at 12-13 (quoting *Eisenberg*, 98 A.3d 1276). Finally, the Commonwealth recognizes that the Superior Court's decision in *Tobin* specifically held that a court's failure to impose a reduced sentence under the RRRI Act on an eligible offender amounts to legal error. *Id.* at 14 (citing *Tobin*, 89 A.3d at 670).

Both parties' arguments with respect to the issue of Appellant's eligibility for a sentence under the RRRI Act are similarly lacking. Appellant ultimately asserts that the lower courts incorrectly found him ineligible for a sentence under the RRRI Act.[8] Appellant's Brief at 13. He first claims the Superior Court wrongly concluded that *Cullen-Doyle* does not entitle him to relief, but fails to discuss this case in any meaningful way. *Id.* He maintains that *Cullen-Doyle* has been applied in other cases in a manner benefitting similarly situated offenders. *Id.* at 13-14. To this end, Appellant merely cites to several unpublished Superior Court decisions which may not be relied on for their persuasive value.[9] *Id.* The only other case relied on by Appellant in this portion of his argument is *Commonwealth v. Sebolka*, 205 A.3d 329 (Pa. Super. 2019). *Id.* at 15. Aside

---

[8] Appellant's filing submitted to this Court reads more like a petition for allowance of appeal than an appellate brief. For example, the portion of Appellant's brief explaining the standard of review simply states that this case "is one of substantial public importance as to require prompt and definitive resolution" by this Court. Appellant's Brief at 9. He also references a conflict in the outcome of this case compared to others decided by the Superior Court. *Id.* at 13, 15. Appellant also emphasizes that this case involves issues of first impression. *Id.* at 16. While these are all important considerations when petitioning for allowance of appeal under Pa.R.A.P 1114(b), they are irrelevant at this stage in the proceedings.

[9] Appellant references repeatedly in his brief the following unpublished non-precedential memorandum decisions of the Superior Court: *Commonwealth v. Haynick*, 511 MDA 2017 (Pa. Super. December 14, 2017), *Commonwealth v. Irvin*, 432 MDA 2017 (Pa. Super. December 14, 2017), and *Commonwealth v. Rhodes*, 378 MDA 2018 (Pa. Super. December 26, 2018). Because each of these decisions were filed prior to May 1, 2019, none of them may be cited for their persuasive value. *See* Pa.R.A.P. 126(b) (providing that unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

from noting that the Appellant in *Sebolka* successfully appealed the trial court's determination that she was not eligible for a RRRI sentence, Appellant does not explain this case in any detail. *Id.*

The Commonwealth contends that Appellant was correctly deemed ineligible for a sentence under the RRRI Act. Commonwealth's Brief at 2. It begins by noting this case requires us to engage in statutory interpretation of the phrase "history of present or past violent behavior" referenced in Section 4503. *Id.* at 5-6. The Commonwealth stresses that the rules of statutory construction forbid interpreting a statute in a way that produces absurd results. *Id.* at 6. In this vein, the Commonwealth argues that a definition of history requiring an offender to have a pattern of multiple violent offenses would produce an absurd result. *Id.* at 7. In support of its argument, the Commonwealth provides examples in which an offender is presently being sentenced for a nonviolent offense, but has a single previous conviction for a violent offense such as rape of a child, third degree murder, or incest. *Id.* at 7-8. The Commonwealth maintains that requiring additional violent offenses aside from these single violent crimes in order to be disqualified from receiving a RRRI sentence would be absurd. *Id.* at 7. Accordingly, the same should hold in this case where Appellant was previously convicted of a single violent offense, namely resisting arrest. *Id.* at 8.

The Commonwealth next reads the use of the phrase "a history" in Section 4503 to mean any history, including a single prior violent offense or a series of violent offenses. *Id.* To demonstrate this point, the Commonwealth compares and contrasts Section 4503 with Sections 9711(d)(9) and (e)(1) of Title 42, which outline the procedures for sentencing an offender for first-degree murder. *Id.* at 9. Both of the latter subsections require a jury to determine whether an offender has a "significant history" of certain criminal convictions. *Id.* The Commonwealth contends that had the legislature intended

for "a history" in Section 4503 to require multiple previous violent offenses, it would have similarly used a modifier like the word significant as it did in Sections 9711(d)(9) and (e)(1). *Id.* at 9-10. Accordingly, the Commonwealth asks this Court to affirm the Superior Court's order denying relief. *Id.* at 10.

Appellant also filed a reply brief in which he raises two additional cases in support of his position that the court should have imposed a sentence pursuant to the RRRI Act. Appellant's Reply Brief at 2-4. In both of these cases, *Commonwealth v. Bradley*, 237 A.3d 1131 (Pa. Super. 2020),[10] and *Commonwealth v. Selby,* 1299 WDA 2018; 2019 WL 2184840 (Pa. Super. May 21, 2019) (unpublished memorandum), the Superior Court held that, based on *Cullen-Doyle*, the trial court erred in finding that a single past conviction for a non-enumerated crime demonstrating violent behavior rendered an offender ineligible for a sentence under the RRRI Act. *Id.* Appellant also responds to the examples chosen by the Commonwealth to demonstrate that a single prior crime of violence should disqualify an offender from receiving a sentence under the RRRI Act. *Id.* at 4. He explains the statute clearly indicates that persons who commit these enumerated crimes – rape of a child, first-degree murder, and incest – are automatically precluded from receiving a sentence under the RRRI Act. *Id.* Here, however, the statute is ambiguous as to whether a single past crime such as resisting arrest disqualifies an offender from receiving a reduced sentence under the RRRI Act. *Id.* at 2. Accordingly, the statute must be read in Appellant's favor. *Id.*

### b. Analysis

Although both parties' arguments are rather poor, we understand the crux of the issues being raised and will address them in turn. This case comes before us on collateral

---

[10] This case is currently being held pending our disposition in this matter. *See Commonwealth v. Bradley*, 488-489 MAL 2020.

review, therefore our review "is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (quoting *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011)). We apply a de novo standard of review to the PCRA court's legal conclusions. *Id.* (quoting *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013)).

Before addressing Appellant's eligibility for a sentence under the RRRI Act, we must determine whether such a claim implicates sentencing illegality. To begin, the PCRA includes a general requirement that an alleged error not be "previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Where this is the case, the PCRA provides an avenue by which offenders may seek collateral relief from an illegal sentence:

> **This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.** The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S. § 9542 (emphasis added). Additionally, in order to be eligible for relief, the PCRA states that a petitioner's conviction or sentence must be the result of one of several circumstances, including "[t]he imposition of a sentence greater than the lawful maximum" or "[a] proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9542(vii). Appellant's claim is reviewable under the PCRA as it has not been previously litigated or waived. It must nonetheless implicate sentencing illegality in order to be considered on the merits.

Although the traditional view of claims concerning sentencing illegality were limited to those exceeding the statutory maximum or those imposed by a court lacking jurisdiction, our courts have recognized a broader view of sentencing illegality. *See Commonwealth v. Foster*, 17 A.3d 332, 344-45 (Pa. 2011) (plurality) (citing *In re M.W.*, 725 A.2d 729, 731 (Pa. 1999) (holding that a challenge to the sentencing court's statutory

authority to impose a particular sentence implicates the legality of the sentence));
*Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016) (adopting the lead opinion in
*Foster*).

With this in mind, we turn to the language of the Sentencing Code concerning the
imposition of RRRI Act sentences:

> The court shall determine if the defendant is eligible for a recidivism risk
> reduction incentive minimum sentence under 61 Pa.C.S. Ch. 45 (relating to
> recidivism risk reduction incentive). If the defendant is eligible, the court
> shall impose a recidivism risk reduction incentive minimum sentence in
> addition to a minimum sentence and maximum sentence except, if the
> defendant was previously sentenced to two or more recidivism risk
> reduction incentive minimum sentences, the court shall have the discretion
> to impose a sentence with no recidivism risk reduction incentive minimum.

42 Pa.C.S. § 9756(b.1). This statute makes clear that sentencing courts are required to
make an assessment as to an offender's eligibility for a sentence under the RRRI Act and
lack discretion to forego imposing one where an offender is eligible. A sentencing court's
incorrect determination regarding an offender's eligibility, which results in the failure to
impose a reduced sentence, necessarily involves a challenge to the sentencing court's
authority to impose a particular sentence.

Additionally, this legality of sentence issue is not waivable where the question
concerns the lower courts' facial interpretation of the statute as opposed to the factual
predicates triggering application of the provision. In this case there is no dispute over
Appellant's criminal history, only over the proper meaning of the statute applied by the
lower courts. *See Foster*, 17 A.3d at 344-45; *Barnes*, 151 A.3d at 127. Accordingly,
Appellant's contention that the court failed to impose a RRRI Act sentence where his
criminal history did not render him ineligible implicates sentencing illegality. That the
PCRA does not expressly delineate this type of illegal sentencing claim does not preclude
relief, considering sentencing illegality claims are always subject to review under the

PCRA when raised in a timely petition. *DiMatteo*, 177 A.3d at 192 (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 2019) (additional citation omitted)).[11]

Having found that a trial court's failure to sentence an eligible offender pursuant to the RRRI Act implicates sentencing illegality, we may now address the issue of whether the court erred by failing to impose such a sentence in this case. Preliminarily, Appellant and the Commonwealth agree that resisting arrest qualifies as a crime demonstrating violent behavior for the purposes of Section 4503. The only question in this case is therefore whether a single prior conviction for a crime demonstrating violent behavior, such as resisting arrest, constitutes a history of such behavior.

Issues involving statutory interpretation like the one in this case implicate questions of law, for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Chester*, 101 A.3d 56, 60 (Pa. 2014) (citing *School Dist. Of Philadelphia v. Dep't of Educ.*, 92 A.3d 746, 751 (Pa. 2014)). The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." *Cullen-Doyle*, 164 A.3d at 1242 (citing 1 Pa.C.S. § 1921(a); *Commonwealth v. Griffith*, 32 A.3d 1231, 1235 (Pa. 2011)). When the words of a statute are ambiguous, however, we must seek to ascertain the legislature's intent by considering various factors such as the occasion for the provision, the context in which it was passed, the mischief it was designed to remedy, and the object it sought to attain. 1 Pa.C.S. § 1921(c).

---

[11] This conclusion is also consistent with the Superior Court's handling of sentencing claims involving eligibility for RRRI Act sentences. *See Tobin*, 89 A.3d at 669 (finding that trial court's failure to impose a RRRI Act sentence on an eligible offender amounted to legal error) (citing *Commonwealth v. Robinson*, 7 A.3d 868, 871 (Pa. Super. 2010) ("[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal.")).

Section 4503 sets forth the requirements to qualify for a RRRI Act sentence:

**"Eligible person."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

    **(1) Does not demonstrate a history of present or past violent behavior.**

    (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these offenses.

    (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111),[ ] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

    (4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or criminal attempt, criminal solicitation or criminal conspiracy to commit any of these offenses:

        18 Pa.C.S. § 4302(a) (relating to incest).

        18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense listed under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or I (relating to continued registration of sexual offenders).

Drug trafficking as defined in section 4103 (relating to definitions).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) [Deleted].

61 Pa.C.S. § 4503 (emphasis added).

Although the statute does not define "history of present or past violent behavior," this Court had the occasion to interpret this phrase in *Cullen-Doyle*. In that case, Cullen-Doyle pled guilty to several counts of conspiracy to commit burglary and one count of burglary. *Cullen-Doyle*, 164 A.3d at 1241. At sentencing, the trial court denied his request for a reduced sentence under the RRRI Act. *Id.* We granted review to address whether a single present conviction for burglary, a crime both parties agreed demonstrated violent behavior, qualified as a "history of present or past violent behavior" for the purposes of Section 3504. *Id.* at 1240. We found this phrase materially ambiguous due to the fact that "history" most often involves past events and can refer to a pattern of behavior, thus requiring consideration of the rules of statutory construction. *Id.* at 1242.

Because of this ambiguity, we turned to alternative means to discern the legislature's intent. *Id.* We then concluded that the Act's purpose and rationale, as well as the relevant legislative history, did not preclude Cullen-Doyle from receiving a sentence under the RRRI Act. *Id.* We first acknowledged the purpose of the RRRI Act

as outlined in Section 4502, which provides that Chapter 45 "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." *Id.* We noted that an accepted corollary to the stated purpose of reducing recidivism "is that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct." *Id.* at 1242-43.

As for the phrase "history of present or past violent behavior," we found that the use of the word history in Section 4503 "evidences an intent to render ineligible individuals with 'an established record or pattern' of violent behavior." *Id.* at 1243. We reasoned that such a definition of history "engenders the most cogent and natural interpretation of the statute, since it permits a sentencing court to assess whether an offender has an established record or pattern of past or present violent behavior[,]" consistent with the legislature's goal of providing "greater reform opportunities for first-time offenders than for repeat offenders." *Id.*

We also highlighted the fact that had the legislature intended to preclude offenders with a single present conviction for a crime of violence from eligibility it could have expressly provided for this. Indeed, Section 4503 directs that those convicted of certain enumerated offenses are automatically ineligible to receive the benefit of a sentence under the RRRI Act. *See* 61 Pa.C.S. § 4503 (listing disqualifying offenses). A stringent definition of this phrase would result in a significant number of offenders being ineligible to benefit from RRRI programs. *Id.* Lastly, we emphasized that the rule of lenity further supports the conclusion that a single, present conviction for a crime demonstrating violent behavior does not qualify as a "history of present or past violent behavior." *Id.* at 1244 (citing *Commonwealth v. Booth*, 766 A.2d 843, 846 (Pa. 2001) ("[W]here ambiguity exists

in the language of a penal statute, such language should be interpreted in the light most favorable to the accused.")).

While the present circumstances are slightly different than those in *Cullen-Doyle* in that Appellant's ineligibility for a sentence under the RRRI Act was based on a single prior conviction for a crime demonstrating violent behavior as opposed to a single present conviction for a crime demonstrating violent behavior, we nonetheless find its reasoning determinative. Appellant's criminal history, which reflects several previous convictions, only one of which demonstrates violent behavior, does not render him ineligible for a sentence under the RRRI Act.

We note that the Commonwealth's assertion that a history can be established through a single crime demonstrating violent behavior is inconsistent with our rationale in *Cullen-Doyle*, which clearly found that a history is rather an established record or pattern of violent behavior. Moreover, the examples provided by the Commonwealth to demonstrate that an interpretation of history requiring more than one prior conviction for a crime demonstrating violent behavior would produce absurd results are unpersuasive. As Appellant recognizes, the crimes used in the Commonwealth's examples are all enumerated offenses that automatically preclude an offender from being eligible to receive a sentence under the RRRI Act. Finally, we do not find Appellant's comparison to Sections 9711(d)(9) and (e)(1) persuasive given our decision in *Cullen-Doyle* which involves the precise provision at issue in this case. Based on the foregoing, we hold that a single prior conviction for a non-enumerated crime demonstrating violent behavior does not render an offender ineligible for a reduced sentence under the RRRI Act.

## V. Conclusion

In conclusion, we hold that a trial court's failure to sentence an eligible offender pursuant to the RRRI Act implicates sentencing illegality. We also find that a single prior

conviction for a non-enumerated crime demonstrating violent behavior does not qualify as a history of past violent behavior under the Section 4503 of the RRRI Act. Accordingly, we reverse in part and affirm in part the order of the Superior Court and remand for further consideration in accordance with this opinion.

Chief Justice Baer and Justices Saylor and Donohue join the opinion.

Justice Saylor files a concurring opinion.

Justice Wecht files a dissenting opinion in which Justices Todd and Dougherty join.