J-S09011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN WILSON | : | |
| | : | |
| Appellant | : | No. 1918 EDA 2023 |

Appeal from the PCRA Order Entered July 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0743951-1991

BEFORE: PANELLA, P.J.E., NICHOLS, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED MAY 16, 2024**

John Wilson appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on July 3, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Wilson's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

Due to our disposition, the underlying facts of his conviction are not relevant to this appeal. Briefly, on April 8, 1992, Wilson pled guilty to first-degree murder, aggravated assault, and criminal conspiracy. On the same day, the trial court imposed a sentence of life imprisonment. Wilson did not file a direct appeal.

Over the next few decades, Wilson filed numerous unsuccessful post-conviction petitions. As these filings span three decades, it is not entirely clear from the record exactly how many post-conviction petitions have been filed in this matter. However, we note at least seven filings are referenced throughout the record.

On July 29, 2022, Wilson filed the instant *pro se* post-conviction petition, styled as a petition for writ of *habeas corpus*. In the petition, Wilson claimed his sentence is invalid because it was imposed pursuant to a subsequently repealed statute. **See** "Petition for Habeas Corpus Relief," 7/29/22, at 2-4.

The PCRA court, concluding that Wilson's claim asserted the illegality of his sentence, treated his petition as a PCRA petition subject to the PCRA's timeliness provisions. **See Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he PCRA provides the sole means for obtaining collateral review, and … any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition") (citation omitted); **see also Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007) (stating the PCRA incorporates the remedy of *habeas corpus* if the Act offers the petitioner a remedy). On that basis, the PCRA court determined that Wilson's petition was untimely, and that he had not pled an exception to the time bar. As such, the court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition, and subsequently dismissed his petition as untimely. This timely appeal followed.

Wilson argued in his petition that his sentence of life imprisonment lacked a valid statutory basis at the time it was imposed. He continues to make the same claim on appeal.

The current version of the statute under which Wilson was sentenced reads in pertinent part as follows:

> [A] person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).

18 Pa.C.S.A. § 1102(a)(1). Accordingly, the statute dictates that the procedure for deciding between the penalties of death or life imprisonment is governed by section 9711.

Prior to its amendment in 1995, section 1102(a) referenced 18 Pa.C.S. § 1311(d) rather than 42 Pa.C.S. § 9711. However, 42 Pa.C.S. § 9711 was amended in order to replace 18 Pa.C.S. § 1311(d) as the applicable procedure for determining the appropriate sentence for first degree murder in 1980.

Wilson takes issue with the fact that section 1311(d) was repealed and replaced with section 9711 in 1980; however, the reference to section 1311(d) in section 1102(a) was not changed to a reference to section 9711 until 1995, which is after he was sentenced. *See* "Petition for Habeas Corpus Relief", 7/29/22, at 3.

Wilson was sentenced in 1992 pursuant to the then in-effect version of section 1102. At that time, although section 9711's governance of sentencing

procedure for first-degree murder had been in effect for more than a decade, section 1102(a)(1) still referenced section 1311(d). Thus, Wilson claims, his substantive due process rights were violated when he was sentenced under section 1102, when the sentencing procedure set forth in that statute at the time of sentencing no longer existed.

This claim implicates the legality of Wilson's sentence. **_See In re M.W._**_,_ 725 A.2d 729, 731 (Pa. 1999) (holding that, when a sentencing issue "centers upon [a] court's statutory authority" to impose a sentence, rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed) (citations omitted). The PCRA specifically includes challenges to an illegal sentence within its stated scope. 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief.").

Because Wilson's claim implicates the legality of his sentence, it is cognizable under the PCRA. Accordingly, the PCRA court properly treated Wilson's habeas petition as a PCRA petition.

Prior to reaching the merits of Wilson's claims on appeal, we must first consider the timeliness of his PCRA petition. **_See Commonwealth v. Miller_**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A

- 4 -

judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Since Wilson did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on May 8, 1992, when his time for seeking direct review with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed over thirty years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Wilson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar.

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

- 5 -

> of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the … petition, and may not be raised for the first time on appeal." ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Even liberally construed, Wilson has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Wilson failed to make any attempt to plead an exception at all. Even on appeal, he makes no attempt to argue that a time bar exception applies; he merely contends that his petition should not have been treated as a PCRA petition. ***See*** Appellant's Brief, at 6. As noted above, the court properly classified Wilson's petition as a PCRA petition. Accordingly, we affirm the PCRA court's order denying Wilson's petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/16/2024