J-S23044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL DUNCAN | : | |
| | : | |
| Appellant | : | No. 2818 EDA 2023 |

Appeal from the PCRA Order Entered October 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1121761-1993

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                 **FILED DECEMBER 6, 2024**

Appellant, Darryl Duncan, appeals from the order of the Philadelphia County Court of Common Pleas, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.*  In 1994, a jury found him guilty of first-degree murder, robbery, and possessing an instrument of crime.[1]  Appellant argues that the trial court imposed an illegal sentence for his first-degree murder conviction.  Upon review, we agree with the PCRA court that Appellant's petition was untimely, and he failed to plead and prove an exception to the PCRA's jurisdictional time-bar.  Accordingly, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(a), 3701, and 907, respectively.

The underlying facts of Appellant's convictions are not relevant to the issues presented for our review. Briefly, the killing in question involved the fatal shooting of Renee McIntosh in her home on West Clapier Street in Philadelphia on October 15, 1993. One of the telephone numbers left on a beeper on the victim's body was Appellant's. The victim's sister told the police that the victim was supposed to meet Appellant on the day of her murder so he could sell guns for her. When the police tracked Appellant down at the home of one of his girlfriends, they found items in that home that appeared to be missing from the victim's home, along with a pair of sneakers that appeared to have blood on them. The police then arrested Appellant. He gave them a confession. The police executed a search warrant at the girlfriend's house to recover the items Appellant stole from the victim.

On July 20, 1994, the jury found Appellant guilty of the above-referenced offenses. On November 10, 1994, the trial court sentenced him to life imprisonment without the possibility of parole on the murder conviction with concurrent imprisonment terms of thirty to one hundred and twenty months for robbery and six to sixty months for possessing an instrument of crime. After the denial of post-sentence motions, Appellant filed a direct appeal, challenging the denial of his pre-trial motion to suppress his confession and the items recovered from his girlfriend's home. On May 8, 1997, we affirmed. **Commonwealth v. Duncan**, 698 A.2d 1344 (Pa. Super. 1997) (table) (1340 PHL 1995). On October 29, 1997, the Pennsylvania Supreme

Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Duncan***, 704 A.2d 634 (Pa. 1997) (table) (256 E.D. ALLOC. 1997).

On April 12, 2019, Appellant filed, *pro se*, an initial PCRA petition, styled as a petition for writ of *habeas corpus*, in which he challenged the legality of his life imprisonment sentence on the basis that the sentencing statute at 18 Pa.C.S. § 1102(a)(1) was unconstitutionally vague. Counsel was appointed and filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After the filing of a dismissal notice pursuant to Pa.R.Crim.P. 907, and a *pro se* response, the PCRA court dismissed the petition as untimely on October 22, 2020. We affirmed the dismissal on September 1, 2021, and denied an application for reargument on November 4, 2021.[2] ***Commonwealth v. Duncan***, 264 A.3d 340 (Pa. Super. 2021) (table) (2080 EDA 2020). Appellant did not seek further review with the Pennsylvania Supreme Court.

On December 16, 2022, Appellant filed, *pro se*, a second PCRA petition that he styled as a petition for writ of *habeas corpus*. Therein, he claimed that his life imprisonment sentence was illegal because 18 Pa.C.S. § 1102(a), the statute under which he was sentenced, was supposedly void at the time of his sentencing because it referenced another statute, 18 Pa.C.S. § 1311, that had

---

[2] While the collateral appeal was pending, the PCRA court granted appointed counsel's motion to withdraw from representation. Order, 1/11/21, 1; Order, 1/12/21, 1.

already been repealed and replaced with 42 Pa.C.S. § 9711. *Pro Se* Second PCRA Petition, 12/16/22, ¶¶ 9-16. On that basis, Appellant argued that his sentence was a nullity, and he was "not subject to any timeliness constraints" on raising his challenge to the legality of the sentence. *Id.* at ¶¶ 24-26.

In a Rule 907 dismissal notice, the PCRA court informed Appellant that it was reviewing his petition as a PCRA petition because it advances a legality of sentence challenge, and dismissed it as untimely where he failed to invoke, let alone prove the applicability of, any of the exceptions to the PCRA's jurisdictional time-bar located at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Rule 907 Notice, 9/27/23, 1-2. Appellant filed a *pro se* response, alleging that "[a] finding that the PCRA does not provide a statutory remedy require[s] application of the equitable remedy of habeas corpus." Response to Rule 907 Notice, 10/6/23, ¶ 5. On October 17, 2023, the PCRA court dismissed the petition as untimely. Order, 10/17/23, 1. This timely appeal followed.[3] Notice of Appeal, 10/24/23, 1.

Appellant presents the following issue for our review: "Whether Appellant is illegally confined on the basis of a [l]ife sentence imposed following a first[-]degree murder conviction pursuant to 18 Pa.C.S. § 1102(a) improperly applied?" Appellant's Brief at 3.

---

[3] The PCRA court did not issue an order requiring the filing of a concise statement of errors complained of on appeal. Nevertheless, the court *sua sponte* filed an opinion on October 24, 2023.

As an initial matter, we note that Appellant's substantive claim constitutes a challenge to the legality of his sentence. *See Commonwealth v. Prinkey*, 277 A.3d 554, 562 (Pa. 2022) ("a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute is a legality challenge because, if the claim prevails, the sentence was imposed under statutory authority that never lawfully existed"); *In re M.W.*, 725 A.2d 729, 731 (Pa. 1999) (holding that, when a sentencing issue "centers upon [a] court's statutory authority" to impose a sentence, rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed) (citations omitted).

Regardless of how a petition, filed after a judgment of sentence becomes final, is titled, courts are to treat it as a PCRA petition if the relief requested in it is contemplated by the PCRA. *See Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) ("so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition") (citation omitted). Because legality of sentence challenges are cognizable under the PCRA, Appellant needed to raise his claim in a PCRA petition, and the PCRA court was correct to review his *habeas corpus* petition as a PCRA petition. *See Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016) ("[C]laims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.")

- 5 -

(emphasis in original; citation omitted); 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."); *see, e.g., Commonwealth v. Hagan*, 306 A.3d 414, 430 (Pa. Super. 2023) (holding that the lower court did not abuse its discretion by treating a *habeas corpus* petition, raising a legality of sentence challenge, as an untimely PCRA petition).

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Colon*, 230 A.3d 368, 374 (Pa. Super. 2020) (citation omitted).

Prior to reaching the merits of Appellant's legality of sentence claim on appeal, we must first consider the timeliness of his PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Miller*, 102. A.3d 988, 992 (Pa. Super. 2014). "Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa. Super. 2020), *quoting Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final"

unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). Here, Appellant was sentenced on November 10, 1994. After our Supreme Court denied his direct review petition for allowance of appeal on October 29, 1997, his judgment of sentence became final on January 27, 1998, upon the expiration of the ninety-day deadline for filing a petition for writ of *certiorari* with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking further review); U.S.Sup.Ct.R. 13 (setting the deadline for seeking *certiorari*). Appellant thus had until January 27, 1999, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). He did not file his instant PCRA petition until December 16, 2022.

To obtain review of his untimely PCRA petition, Appellant was required to plead and prove the applicability of one of three statutory exceptions that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, pursuant to 42 Pa.C.S. § 9545(b)(2), he needed to plead and prove that the petition was filed within one year of the date his claims for time-bar exceptions "could have been presented."

Here, the PCRA court properly appreciated that Appellant "failed to acknowledge, let alone meaningfully address the PCRA's statutory time-bar" in his petition filed below. PCRA Court Opinion, 10/17/23, 3. Instead, Appellant merely presented his legality of sentence claim and maintained, in his response to the PCRA court's Rule 907 notice, that "[a] finding that the PCRA does not provide a statutory remedy require[s] application of the

equitable remedy of *habeas corpus*." Response to Rule 907 Notice, 10/6/23, ¶ 5. As explained *supra*, however, the PCRA court and this Court were required to review his petition as a PCRA petition, subject to the jurisdictional time-bar under 42 Pa.C.S. § 9545, because the claim raised within it fell within the ambit of the PCRA. As such, neither this Court, nor the PCRA court, could resort to *habeas* review as an equitable exception to merely overlook the PCRA's time-bar. **See Commonwealth v. Brown**, 943 A.2d 264, 267 (Pa. 2008) ("it is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions"); **Commonwealth v. Eller**, 807 A.2d 838, 845 (Pa. 2002) ("The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.").

On appeal, Appellant continues to incorrectly maintain that his substantive claim could be reviewed in *habeas corpus* contexts because there is no apparent remedy under the PCRA. Appellant's Brief at 8-9. In the alternative, he argues for the first time on appeal that, assuming the PCRA time-bar applied to his petition, his judgment of sentence never became final because, under the theory of his legality sentence challenge, his sentence was void *ab initio*. **Id.** at 10. He thus argues that the one-year deadline for filing a timely PCRA petition "does not exist." **Id.** This alternate argument for reviewability fails for two reasons. First, it would be waived for issue preservation purposes because Appellant never included it in his PCRA

petition. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) ("exceptions to the time-bar must be pled in the PCRA petition, and may not be raised for the first time on appeal"); ***see also*** Pa.R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Second, our prior caselaw requiring the application of the PCRA court's jurisdictional time-bar to challenges to convictions as void *ab initio* would apply equally to Appellant's claim that his sentence should be considered void *ab initio*. ***See Hagan***, ***supra,*** 306 A.3d at 429 (affirming PCRA court's denial of Hagan's PCRA petition as untimely on a claim that a conviction for failing to comply with sexual offender registration requirements was void *ab initio* after our Supreme Court invalidated, *inter alia*, the provision of the Crimes Code used to prosecute Hagan because the legislative act that enacted the Crimes Code provision violated the single subject rule in Article III, Section 3 of the Pennsylvania Constitution).

Where Appellant failed to set forth any argument for a time-bar exception below, the PCRA court properly dismissed his petition as an untimely PCRA petition. ***See Commonwealth v. Wilson***, 2024 WL 2200638, *3 (Pa. Super., filed May 16, 2024) (affirming the dismissal of an untimely PCRA petition that was titled as a *habeas corpus* petition and asserted a legality of sentence challenge to a life imprisonment sentence imposed pursuant to 18 Pa.C.S. § 1102(a)(1) on the basis that, at the time of sentencing, a reference to 18 Pa.C.S. 1311(d) was included in Section 1102(a)(1) even though it had been formerly repealed and replaced with 42 Pa.C.S. § 9711) (cited for

persuasive value pursuant to Pa.R.A.P. 126(b)(2)). His current attempt to argue that his judgment of sentence never became final for PCRA time-bar purposes is both waived and meritless.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/06/2024